UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ERIK KERTESZ,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**COLONY TIRE CORPORATION, et al.,**<br><br>　　　　**Defendants.** | **Civil Action No. 20-12364 (JMV)**<br><br>**REPORT AND RECOMMENDATION** |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Defendants Colony Tire Corporation ("Colony Tire"), Scott Creighton, and Charles Creighton (collectively "Defendants") to transfer this matter to the United States District Court for the Eastern District of North Carolina. *See* ECF No. 2. Defendants' motion is opposed by Plaintiff Erik Kertesz ("Plaintiff"). *See* ECF No. 7.[1] For the reasons set forth below, it is respectfully recommended that Defendants' motion to transfer [ECF No. 2] be **DENIED**.

**I.　BACKGROUND**

Plaintiff's claims in this matter arise from Defendants' alleged unlawful disclosure of Plaintiff's protected health information, failure to accommodate Plaintiff's disability, and discrimination against Plaintiff. *See* ECF No. 1, at pp. 10-29 ("Compl."). Plaintiff, a resident of New Jersey, was employed by Colony Tire as general manager of Colony Tire's Atlantic Tires division in August 2017. Compl. at ¶¶ 1, 23-25. During his employment with Colony Tire, Plaintiff

---

[1] In the interest of reaching a full and final resolution of this matter, the Court also takes into consideration the sur-reply filed by Plaintiff [ECF No. 11], the additional supporting materials filed by Defendants [ECF No. 12], and the additional materials submitted by Plaintiff [ECF No. 14]. Accordingly, Plaintiff's motion to file a sur-reply is **administratively terminated as moot** [ECF No. 11].

1

claims that during a typical work week he would spend three days in North Carolina and four days in New Jersey. Compl. at ¶ 32. Colony Tire is a legal corporation organized and existing under the laws of the state of North Carolina. ECF No. 1 at pp. 1-7 ("Notice of Removal"), ¶ 8. Colony Tire's principal place of business is Edenton, Chowan County, North Carolina. Notice of Removal, ¶ 8. Both Scott and Charles Creighton are domiciled in North Carolina. *Id.*

In or around June 2019, Plaintiff learned of a large mass in his throat. Compl. at ¶¶ 40-41. Plaintiff told Scott Creighton about the mass in his throat and his upcoming appointment at the University of Pennsylvania Medical Center. Compl. at ¶ 41. According to Plaintiff, on June 18, 2019, he received an email from Scott Creighton informing him that Scott had contacted Brian Harvill, President of Vidant Chowan/Bertie, to try to reschedule Plaintiff's biopsy in North Carolina. Compl. at ¶ 42.

Plaintiff later confirmed in an email to Charles Creighton that the mass was determined to be cancerous. Compl. at ¶ 44. On July 29, 2019, Plaintiff alleges that Charles Creighton contacted Holli Quinn regarding the precertification status of Plaintiff's cancer treatment. Compl. at ¶ 45. Plaintiff also alleges multiple instances in which Scott and Charles Creighton disclosed Plaintiff's health status without Plaintiff's consent to other Colony Tire employees, outside sale representatives, and vendors in emails sent on July 23, 2019, August 16, 2019, September 11, 2019, and October 7, 2019. Compl. at ¶¶ 54-57.

On October 18, 2019, Plaintiff alleges that Scott Creighton purposefully emailed two New Jersey vendors, as well as thirteen other vendors, numerous Atlantic Tire employees, and sales representatives, and disclosed Plaintiff's personal health information. Compl. at ¶ 58. Plaintiff alleges that after confronting Scott Creighton over an email sent on November 13, 2019 regarding the disclosure, Plaintiff was terminated in an act of retaliation twelve days later. Compl. at ¶¶ 59-

60. Additionally, Plaintiff alleges that Defendants used Plaintiff's medical condition to make adverse employment decisions and that Plaintiff was denied reasonable accommodation for his cancer treatment. Compl. at ¶¶ 49-53, 64-65. On November 25, 2019, Plaintiff alleges that he met with Charles Creighton, Dennis O'Shell (Chief Financial Officer of Colony Tire), and Adora Ambrose (Human Resources Manager of Colony Tire) in Charles's office and was handed his termination letter. Compl. at ¶ 66.

Plaintiff's Complaint was initially filed in the Superior Court of New Jersey, Essex County, Law Division on August 5, 2020 and asserts five causes of action against Defendants including three counts of invasion of privacy, one count of failure to accommodate in violation of N.J.S.A. 10:5-1 *et seq.*, and one count in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12 *et seq.* ("NJLAD"). *See* Compl. On September 4, 2020, Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441 asserting diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331. ECF No. 1. Defendants filed the present motion seeking to transfer this matter to the United States District Court for the Eastern District of North Carolina on September 11, 2020. ECF No. 2.

## II. DISCUSSION

Pursuant to Section 1404, a court may transfer a civil action to any other district where the case might have been brought if the transfer serves "the convenience of parties and witnesses, [and is] in the interest of justice." 28 U.S.C. § 1404(a). The moving party bears the burden of establishing that the transfer is appropriate and must establish that the alternate forum is more convenient than the present forum. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). The Court has broad discretion in making determinations under Section 1404(a), and convenience

and fairness are considered on a case-by-case basis. *Commodity Futures Trading Comm'n v. Perkins*, No. 06-4674, 2007 WL 2122029, at *3 (D.N.J. July 18, 2007).

Section 1404 requires a two-pronged analysis. The threshold inquiry is whether the proposed forum is one in which the plaintiff could have originally brought suit. *Jumara*, 55 F.3d at 878. In the present case, jurisdiction is predicated on the diversity of the parties under 28 U.S.C. § 1332. Where jurisdiction is based on diversity of citizenship, a civil action may be brought in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Here, the Court finds that venue would be proper in the Eastern District of North Carolina. Colony Tire is a legal corporation organized and existing under the laws of the state of North Carolina and has its principal place of business in North Carolina. Scott and Charles Creighton are also domiciled in North Carolina.

Next, this Court must consider whether transfer would be in the interest of justice and for the convenience of the parties and witnesses. *See* 28 U.S.C. § 1404(a). The Third Circuit has enumerated a number of private and public factors to be weighed when deciding a motion to transfer venue under § 1404(a). The private interest factors incorporate the preferences of the parties in the context of the litigation and include: (1) the choice of forum of the plaintiff; (2) the defendant's preference; (3) the convenience of the parties; (4) the convenience of the witnesses-only to the extent that a witness may actually be unavailable for trial in one of the fora; and (5) where the claim arose. *See Jumara*, 55 F.3d at 879. The second category analyzes the public interest including (1) practical considerations which could make the litigation easier and

more expeditious, or inexpensive; (2) court congestion and administrative difficulties; (3) the local interest in resolving local controversies at home; and (4) the public policies of the fora. *Mendoza v. U.S. Custom & Border Protection*, No. 05-6017, 2007 WL 842011, at *3 (D.N.J. March 19, 2007) (citing *Jumara*, 55 F.3d at 879).

### A. Private Factors

"Plaintiffs' choice of forum is a paramount consideration that should not lightly be disturbed." *Clark v. Burger King Corp.*, 255 F.Supp.2d 334, 338 (D.N.J.2003) (quoting *Ayling v. Travelers Prop. Casualty Corp.,* No. 99-3243, 1999 WL 994403, at *2 (E.D.Pa. Oct. 28, 1999)). Unless the defendant can show that the inconvenience to the parties strongly favors its preference, plaintiff's choice of forum should prevail. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970). Here, Plaintiff filed his Complaint in New Jersey because he prefers to litigate within his home forum. *See* ECF No. 7 at p. 6. As discussed below, Defendants have not shown the remaining private interest factors tip strongly in favor of transfer to disturb Plaintiff's forum preference.

With respect to Defendants' most persuasive argument, the Court does not find that the considerations of where a substantial part of the "claims arose" favor either forum since both forums have ties to the facts at issue in this case. *See Yocham v. Novartis Pharms. Corp.*, 565 F. Supp. 2d 554, 559 (D.N.J. 2008). For Plaintiff's employment claims,[2] Defendants argue that all the key decisions regarding Plaintiff's employment, including terminating Plaintiff, were made in North Carolina. ECF No. 2-1 at pp. 12-13. Plaintiff, however, counters that with respect to his

---

[2] In opposition to Defendants' motion, Plaintiff claims that he should be granted leave to amend his Complaint to withdraw Count IV so that there is no dispute that venue is proper in the District of New Jersey. [ECF No. 7 at p. 19]. The Court notes that it cannot properly consider Plaintiff's request as a motion for leave to amend since Plaintiff has failed to comply with Local Civ. R. 7.1; however, even if Count IV, failure to accommodate in violation of N.J.S.A. 10:5-1, *et seq.*, were withdrawn, there remains Count V, Plaintiff's NJLAD claim. Accordingly, the withdrawal of Count IV would not change the Court's analysis.

invasion of privacy of claims, Plaintiff felt the harmful effects of Defendants' alleged tortious emails in New Jersey. ECF No. 7 at pp. 7-8.

Here, the Court agrees that a substantial part of the events giving rise to Plaintiff's employment claims occurred in North Carolina where decisions regarding Plaintiff's employment were made. *See Evans v. Cath. Relief Servs.*, No. 18-13537, 2019 WL 2417511, at *4 (D.N.J. June 10, 2019) (reasoning the operative facts occurred in Maryland, where Defendant allegedly carried out discriminatory and harassing conduct in violation of NJLAD). The Court, however, also finds that a substantial part of the events giving rise to Plaintiff's invasion of privacy claims occurred in New Jersey where Plaintiff suffered the harmful effects of Defendants' alleged disclosures. *See Cmty. Surgical Supply of Toms River, Inc. v. Medline DiaMed, LLC*, No. 11-00221, 2011 WL 3235706, at *4 (D.N.J. July 28, 2011) (finding that for an invasion of privacy claim, where the harm was felt is considered a substantial part of the events giving rise to the claim). As there are ties to both forums, the Court finds this factor is at best neutral.

Additionally, the Court is not persuaded any other private interest factor strongly weighs in favor of transfer. The Court finds that both parties seem capable and have the means to litigate in either forum. There has also been no assertion by either party that the relevant records would be unavailable in either forum. Defendants argue there are key non-party witnesses, such as Brian Harvill and Holli Quinn, named in Plaintiff's Complaint that are outside the compulsory subpoena process of this Court. *See* ECF No. 2-1 at p. 15. Even this argument, however, fails to tip the balance in favor of transfer. First, Defendants have not shown that these witnesses would not come voluntarily to this District. *See Yocham*, 565 F. Supp. 2d at 558. Second, Plaintiff will bear the burden of proof for his claims so there is every reason to expect that Plaintiff will endeavor to

make such witnesses available for trial. *See id.* Finally, while Defendants have stated their preference to litigate in North Carolina, this factor alone is not enough to warrant transfer.

In light of the foregoing, the Court finds that the private factors do not weigh in favor of transfer. New Jersey is Plaintiff's forum of choice, and Defendants have not shown that the remaining private interest factors strongly favor transfer and disturbing that choice.

**B. Public Factors**

For similar reasons, the Court does not find that the public interest factors strongly favor transfer. In addressing the public interest factors, the Court considers: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Jumara,* 55 F.3d at 879 (citations omitted).

First, while Defendants contend that a North Carolina court would be better suited to provide the injunctive relief Plaintiff seeks, the parties do not dispute that the ultimate judgment will be enforceable in both states. *See Yocham*, 565 F.Supp.2d at 559. The Court also finds that the "practical considerations" do not favor either venue since there is a likelihood that the parties, documents, or witnesses would have to be transported from one forum to another regardless of venue. Similarly, as the facts of this case have ties to both venues, the local interest in deciding local controversies at home does not favor either venue.

With respect to the public policies of the fora, the parties dispute whether New Jersey law applies to Plaintiff's claims. *See* ECF No. 2-1 at p. 17; ECF No. 7 at pp. 16-17. Likely, a court will have to engage in a choice of law analysis in this matter, which will involve considering both North

Carolina law and New Jersey law. Therefore, regardless of venue, a court will have to consider the public policies of both fora. *See Yocham*, 565 F. Supp. 2d at 559. Likewise, with respect to the familiarity of the trial judge with the applicable state law in diversity cases, federal district courts are often called upon to interpret the laws of jurisdictions outside of the states they sit. *See id.* Thus, even if this Court must engage in interpreting the laws of North Carolina, the Court does not believe that this warrants disturbing Plaintiff's forum preference. Finally, "although courts may consider calendar congestion in ruling upon a § 1404(a) motion, relative congestion of the respective courts' dockets is not a factor of great importance in this type of motion." *Clark*, 255 F.Supp.2d at 340 (citing *Ayling*, 1999 WL 994403, at *5).

Based on the foregoing, the Court finds that the *Jumara* factors do not weigh in favor of transfer. Therefore, it is respectfully recommended that Defendants' motion to transfer [ECF No. 2] be **DENIED**.

### III.  CONCLUSION AND ORDER

In light of the foregoing, and the Court having considered this matter pursuant to Federal Rule of Civil Procedure 78;

**IT IS** on this **14th** day of **June, 2021**,

**RECOMMENDED** that Defendants' motion to transfer [ECF No. 2] be **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for leave to file a sur-reply [ECF No. 11] be **ADMINISTRATIVELY TERMINATED**; and it is further

**ORDERED** that pursuant to L. Civ. R. 72.1 and Fed. R. Civ. P. 72, objections to this Report and Recommendation shall be filed within fourteen (14) days after service hereof. Any

party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

                                                  s/ James B. Clark, III
                                              **JAMES B. CLARK, III**
                                              **United States Magistrate Judge**