Not for Publication

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ERIK KERTESZ, *Plaintiff*, v. COLONY TIRE CORPORATION, SCOTT CREIGHTON, CHARLES CREIGHTON, JOHN and JANE DOES 1-10 and ABC CORPS. 1-10, *Defendants*. | Civil Action No. 20-12364 **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on the June 14, 2021 Report and Recommendation ("R&R"), D.E. 15, of Magistrate Judge James B. Clark recommending that Defendants' motion to transfer, D.E. 2, be denied. Defendants objected to the R&R, D.E. 19 ("Def. Br."), and Plaintiff submitted a letter motion in support of the R&R, D.E. 21. The Court reviewed all relevant documents and submissions and for the reasons that follow, the Court denies Defendants' objection and adopts the R&R in its entirety. Accordingly, Defendants' motion to transfer, D.E. 2, is **DENIED**.

**I.     BACKGROUND**

The factual background set forth in the R&R is hereby incorporated into this Opinion. In summary, Plaintiff Erik Kertesz, a New Jersey resident, was employed by Colony Tire Corporation ("Colony Tire"), a North Carolina corporation. R&R at 1-2. Defendant Charles Creighton owns Colony Tire, of which Defendant Scott Creighton is an employee. D.E. 1 at 11. Both individuals

are domiciled in North Carolina. R&R at 2. In or around June 2019, Plaintiff learned of a large mass in his throat, which was later determined to be cancerous. *Id*. Plaintiff alleges that after he informed the Creightons of his health condition, they disclosed the information without Plaintiff's consent to other Colony Tire employees, outside sales representatives, and vendors. *Id*. Plaintiff also alleges that after he confronted Scott Creighton about these disclosures, he was terminated in retaliation. *Id*. Plaintiff further claims that Defendants used his medical condition to make adverse employment decisions and that he was denied reasonable accommodations for his cancer treatment. *Id*. at 3.

On August 5, 2020, Plaintiff filed a Complaint in the Superior Court of New Jersey, Essex County, asserting three counts of invasion of privacy; one count of failure to accommodate in violation of N.J.S.A. 10:5-1 *et seq*.; and one count of violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12 *et seq*. D.E. 1. On September 4, 2020, Defendants removed the matter to this Court. *Id*.

Defendants then filed a motion to transfer this matter to the United States District Court for the Eastern District of North Carolina. D.E. 2. Judge Clark issued an R&R recommending that Defendants' motion be denied. D.E. 15. Weighing the private and public factors, as enumerated by the Third Circuit, Judge Clark found that the factors did not weigh in favor of transfer. R&R at 4-8 (citing *Jumara v. State Farm Ins. Co*., 55 F.3d 873, 879 (3d Cir. 1995)). Defendants followed with their objection to the R&R, D.E. 19, and Plaintiff filed a letter motion in support of the R&R, D.E. 21.

II.    **STANDARD OF REVIEW**

Local Civil Rule 72.1(c)(2) allows a party to object to a Magistrate Judge's report and recommendation within 14 days of service. A district court "shall make a *de novo* determination

of those portions to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2); *see Edelson V., L.P. v. Encore Networks, Inc.*, No. 11-5802, 2012 WL 4891695, at *2 (D.N.J. Oct. 12, 2012). The district court "need not normally conduct a new hearing and may consider the record developed before the Magistrate Judge, making his or her own determination on the basis of that record." L. Civ. R. 72.1(c)(2); *see Edelson*, 2012 WL 4891695, at *2. "As to uncontested portions of the report, the district court has discretion to choose an appropriate standard of review. At a minimum, what is not objected to, the district court reviews under the plain error or manifest injustice standard." *Edelson*, No. 11-5802, 2012 WL 4891695, at *3 (internal quotations, citations, and brackets omitted). "[W]here no objections are made in regard to a report or parts thereof, the district court will adopt the report and accept the recommendation if it is 'satisf[ied] . . . that there is no clear error on the face of the record.'" *Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 10-4414, 2011 WL 500195, at *1 (D.N.J. Feb. 10, 2011) (quoting Fed.R.Civ.P. 72 Advisory Committee's Notes).

### III.  ANALYSIS

Defendants seek to transfer this matter to the United States District Court for the Eastern District of North Carolina pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). When conducting a traditional Section 1404(a) analysis, a court weighs multiple private and public interest factors. *MaxLite, Inc. v. ATG Elecs, Inc.*, 193 F. Supp. 3d 371, 392 (D.N.J. 2016). The private interest factors include: (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) where the

claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses—but only to the extent they may actually be unavailable in one of the fora; and (6) the location of books and records to the extent they cannot be produced in the alternative forum. *See Jumara*, 55 F.3d at 879. The public interest factors include: (1) enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) relative administrative difficulties in the two fora resulting from court congestion; (4) local interests in deciding local controversies at home; (5) public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *See id*. at 879-90. Importantly, a plaintiff's choice of forum, a private interest factor, "should rarely be disturbed." *MaxLite*, 193 F. Supp. 3d. at 393 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). "The § 1404(a) movant bears the burden of persuasion." *In re McGraw-Hill Global Educ. Holdings LLC*, 909 F.3d 48, 57 (3d Cir. 2018).

### A. Private Factors

Analyzing the private factors, Judge Clark noted that Plaintiff preferred to litigate in New Jersey and found that the remaining private factors did not favor disturbing Plaintiff's choice of forum. R&R at 5. Specifically, Judge Clark found that both forums have ties to the facts at issue. *Id.* While "a substantial part of the events giving rise to Plaintiff's employment claims occurred in North Carolina, where decisions regarding Plaintiff's employment were made," "a substantial part of the events giving rise to Plaintiff's invasion of privacy claims occurred in New Jersey, where Plaintiff suffered the harmful effects of Defendants' alleged disclosures." *Id.* at 6 (citing *Cmty. Surgical Supply of Toms River, Inc. v. Medline DiaMed, LLC*, Civ. Action No. 11-00221, 2011 WL 3235706, at *4 (D.N.J. July 28, 2011)). Judge Clark further found that the other private interest factors did not weigh strongly in favor of transfer because "both parties seem capable and

have the means to litigate in either forum"; neither party asserted that the relevant records would be unavailable in either forum; Defendants failed to show that key witnesses would not come voluntarily to this District and "there is every reason to expect that Plaintiff will endeavor to make such witnesses available for trial"; and Defendants' preference to litigate in North Carolina alone is insufficient to warrant transfer. *Id*. at 6-7.

Defendants object to Judge Clark's conclusion that the private interest factors do not weigh in favor of transfer, specifically to (1) his findings that "where the substantial part of the claims arose favor either forum as both forums have ties to the facts in issue in this case," and (2) his reliance on case law suggesting that "Plaintiff's choice of forum is a paramount consideration that should not lightly be disturbed." Def. Br. at 5-6 (quoting R&R at 5).

As to their first objection, Defendants argue that "the facts supporting the majority of Plaintiff's claims…occurred in North Carolina," and that even if Plaintiff felt the effects of the alleged invasion of privacy in New Jersey, this connection to New Jersey is insufficient to deny transfer. Def. Br. at 7. In support, Defendants cite to *Evans v. Cath. Relief Servs.*, Civ. No. 18-cv-13537, 2019 WL 2417511 (D.N.J. June 10, 2019), for the proposition that feeling the effects of discrimination in Plaintiff's desired forum is an insufficient basis to deny transfer where the operative facts occurred outside of the forum. Def. Br. at 7. However, *Evans* addresses employment claims rather than invasion of privacy claims, for which the analysis differs. *See Evans*, 2019 WL 2417511, at *2, 4.[1] In reviewing *Evans*, Judge Clark "agree[d] that a substantial part of the events giving rise to Plaintiff's employment claims occurred in North Carolina," but noted that a substantial part of events giving rise to Plaintiff's *invasion of privacy claims* occurred

---

[1] *Evans* is further distinguishable because the court was "less inclined to grant [the plaintiff's] choice of forum the typical deference" because the plaintiff admitted that the selected forum was improper as to claims against one of the defendants. *Evans*, 2019 WL 2417511, at *3.

5

in New Jersey. R&R at 6 (emphasis added). The Court agrees that a substantial part of the events giving rise to Plaintiff's invasion of privacy claims occurred in New Jersey, the forum where Plaintiff felt the harmful effects. *See Medline DiaMed, LLC*, 2011 WL 3235706, at *4 ("This harm occurred in New Jersey and therefore…venue is proper in New Jersey for this claim as this is where the substantial part of the events giving rise to the claim occurred."). Defendants also cite to *Weinstein v. Pullar*, Civ. No. 13-4502, 2013 WL 6734317 (D.N.J. Dec. 19, 2013). However, *Weinstein* is inapposite as the analysis there did not concern transfer of forum but rather whether the court could exercise personal jurisdiction over the defendant. Defendants have not carried their burden of demonstrating that where the claims arose weighs in favor of transfer.

Defendants also object to the weight Judge Clark allocated Plaintiff's choice of forum, because "even this factor is mitigated in matters where the operative facts of the lawsuit occurred *outside of the forum selected by plaintiff*." Def. Br. at 9-10 (emphasis in original) (collecting cases). While the Court agrees that the plaintiff's choice of forum should be accorded less weight in such a circumstance, the Court nonetheless finds that the private factors do not overcome Plaintiff's choice of forum. As noted, while a substantial part of the events underlying Plaintiff's employment claims occurred in North Carolina, a substantial part of the events underlying Plaintiff's invasion of privacy claims occurred in New Jersey. Thus, this is not a situation where the operative facts of the lawsuit, on balance, occurred outside of Plaintiff's selected forum. The Court is also not persuaded by Defendants' reliance on *E. Coast Storage Equip. Co. v. ZF Transmissions Gray Ct., LLC*, No. CV 20-12414 (FLW), 2021 WL 2134952 (D.N.J. May 26, 2021). Def. Br. at 10. The *E. Coast Storage* court explicitly noted that the most important factor in granting transfer was the court's lack of personal jurisdiction over one of the defendants. Specifically, the court stated that, "*most importantly*, because the [c]ourt lacks personal jurisdiction

6

over [defendant] THS, and South Carolina appears to be the only other court that could conceivably have jurisdiction over this defendant based on the factual allegations in the Complaint, transfer would promote judicial economy and avoid piecemeal litigation." *Id*. at *9 (emphasis added). Here, Defendants do not contend that this Court lacks personal jurisdiction over any Defendant or that litigating in New Jersey would entail piecemeal litigation. Thus, the principal concern supporting the *E. Coast Storage* court's decision to grant transfer is not present.

Moreover, "[t]he determination of how much weight each factor should be given in the transfer analysis is discretionary." *Franklin U.S. Rising Dividends Fund v. Am. Int'l Grp., Inc.*, Civ. Action No. 13-5805, 2014 WL 3748214, at *4 (D.N.J. July 29, 2014) (upholding Magistrate Judge's opinion and order deciding a motion to transfer). As such, it is well within this Court's— and Judge Clark's—discretion to lend greater weight to Plaintiff's choice of forum when comparing this factor to the other private interest factors. In sum, weighing the private factors, the Court finds that Defendants have not met their burden of demonstrating that transfer is appropriate.

### B. Public Factors

Judge Clark also found that the public interest factors did not strongly favor transfer. R&R at 7. Judge Clark reasoned that: (1) the parties did not dispute that the ultimate judgment would be enforceable in both states; (2) the "practical considerations" do not favor either venue because "there is a likelihood that the parties, documents, or witnesses would have to be transported from one forum to another regardless of venue"; (3) relative congestion of the court's docket is not of great importance in deciding a motion to transfer; (4) the local interest in deciding local controversies at home does not favor either venue because "the facts of this case have ties to both venues"; (5) regardless of venue, a court will need to consider the public policies of both fora; and

(6) disturbing Plaintiff's forum preference is not warranted even if this Court is required to interpret the laws of North Carolina. *Id.* at 7-8.

Defendants object to Judge Clark's conclusion that the public interest factors do not favor transfer, specifically to his findings that (1) the "practical considerations" do not favor either venue because it is possible that the parties, documents, or witnesses would need to be transported from one forum to another regardless of venue, and (2) the "local interests" do not favor either venue because the facts of the case have ties to both venues. Def. Br. at 12.

Defendants first contend that the practical considerations "significantly favor" transfer because aside from Plaintiff, "[t]he remainder of the parties, all corporate documents and witnesses are already located in North Carolina." *Id*. at 13. The Court is not persuaded. First, as discussed above, a substantial part of the events underlying Plaintiff's invasion of privacy claims occurred in New Jersey; thus, the evidence related to these claims is likely located in New Jersey. Second, *Fortay v. Univ. of Miami*, Civ. Action No. 93-3443, 1994 WL 62319 (D.N.J. Feb. 17, 1994), upon which Defendants rely, is distinguishable. While the *Fortay* court found that the access to proof and witness convenience factors favored transfer because "the majority of potentially relevant proof was located in Florida," it also found that venue was improper in New Jersey for some of the plaintiff's claims and failure to transfer would result in splitting the action between Florida and New Jersey. *Id.* at *12. Here, there is no such concern about potentially splitting the action between two venues.

Defendants further argue that "for the same reasons outlined" in regard to the private factors analysis, "there are far more facts connected to North Carolina," and therefore local interests favor transfer to North Carolina. Def. Br. at 13. For the same reasons articulated above, the Court concludes that both forums have ties to the facts at issue here and rejects Defendants'

8

argument.  In any event, the Court "'is vested with a large discretion' to determine when transfer should be ordered 'for the convenience of parties and witnesses, in the interest of justice.'"  *E. Coast Storage*, 2021 WL 2134952, at *6 (quoting *Solomon v. Continental Amer. Life Ins.*, 472 F.2d 1043, 1045 (3d Cir. 1973)) (internal quotations and citations omitted).  Here, the Court finds that on balance, the private and public factors do not favor transfer.

Finally, as to the remaining portions of the R&R to which Defendants do not specifically object, the Court finds no clear error.  *See Sportscare of Am.*, 2011 WL 500195, at *1.  Accordingly, the Court adopts Judge Clark's R&R in full and denies Defendants' motion to transfer venue.

## IV.    CONCLUSION

For the reasons stated above, and for good cause shown,

**IT IS** on this 3rd day of January 2022,

**ORDERED** that the Court adopts Judge Clark's R&R, D.E. 15; and it is further

**ORDERED** that Defendants' motion to transfer venue, D.E. 2, is **DENIED**.

John Michael Vazquez, U.S.D.J.

9