UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIK KERTESZ<br><br>                    Plaintiff,<br><br>COLONY TIRE CORPORATION,<br>SCOTT CREIGHTON,<br>CHARLES CREIGHTON,<br>JOHN and JANE DOES 1-10 and<br>ABC CORP.  1-10,<br><br>                    Defendants. | Civil Action No. 20-cv-12364 |

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Erik Kertesz ("Plaintiff"), by and through his counsel, submits this Reply to Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment ("Opposition").  For the reasons detailed below, Defendants' Opposition lacks merit, misinterprets applicable law, and fails to address the overwhelming evidence supporting Plaintiff's entitlement to summary judgment.

Brief By:
Tyrone A. Blackburn, Esq.

## TABLE OF CONTENTS

I. **Introduction**
II. **Legal Standard for Summary Judgment**
    a. Summary Judgment Under Rule 56(a)
III. **Procedural Compliance**
    a. Plaintiff's Motion Fully Complies with FRCP 56 and Local Rule 56.1
    b. Defendants' Meritless Procedural Objections
IV. **Violations of NJLAD**
    a. Disability Discrimination
    b. Retaliation
    c. Wrongful Discharge
    d. Defendants Had Ample Notice of Plaintiff's Claims
V. **Failure to Accommodate Under NJLAD**
    a. Legal Standards for Accommodation Claims
    b. Defendants' Failure to Engage in the Interactive Process
    c. Harm Caused by Defendants' Noncompliance
VI. **Invasion of Privacy Claims**
    a. Legal Standard for Public Disclosure of Private Facts
    b. Defendants' Unauthorized Disclosures and Violations
VII. **Aiding and Abetting Under NJLAD**
    a. Legal Standard for Aiding and Abetting Liability
    b. Defendants' Role in Discriminatory and Retaliatory Conduct
VIII. **Defendants' Failure to Rebut Plaintiff's Evidence**
    a. No Legitimate Justification for Termination
    b. Clear Temporal Proximity Demonstrates Retaliatory Intent
IX. **Conclusion**

## TABLE OF AUTHORITIES

**Cases**
- *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)
- *Brill v. Guardian Life Ins. Co. of Am.*, 142 N.J. 520 (1995)
- *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)
- *El-Sioufi v. St. Peter's Univ. Hosp.*, 382 N.J. Super. 145 (App. Div. 2005)
- *Holtz v. Rockefeller & Co.*, 258 F.3d 62 (2d Cir. 2001)
- *Jansen v. Food Circus Supermarkets, Inc.*, 110 N.J. 363 (1988)
- *Johnson v. City of Shelby*, 574 U.S. 10 (2014)
- *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)
- *Rumbauskas v. Cantor*, 138 N.J. 173 (1994)
- *Scott v. Harris*, 550 U.S. 372 (2007)
- *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)
- *Tarr v. Ciasulli*, 181 N.J. 70 (2004)
- *Tourtellotte v. Eli Lilly & Co.*, 636 F. App'x 831 (3d Cir. 2016)
- *Tynan v. Vicinage 13 of Superior Ct.*, 351 N.J. Super. 385 (App. Div. 2002)
- *Victor v. State*, 203 N.J. 383 (2010)
- *White v. White*, 344 N.J. Super. 211 (Ch. Div. 2001)
- *Zive v. Stanley Roberts, Inc.*, 182 N.J. 436 (2005)

**Statutes and Rules**
- **Federal Rule of Civil Procedure 56**
- **Local Rule 56.1**
- **N.J.S.A. 10:5-5(q)**
- **N.J.S.A. 10:5-12(d)**

**Other Authorities**
- McKenna et al., *Workplace Discrimination and Cancer*, 2007
- **New Jersey Law Against Discrimination (NJLAD)**

I.  INTRODUCTION

The Plaintiff fully incorporates the pleadings and all evidence submitted and states that the factual record and applicable law establish the Plaintiff's entitlement to summary judgment.

II.  LEGAL ARGUMENTS

   A.  Standard for Summary Judgment.  Legal Standard Under Rule 56(a):

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a).  Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must set forth specific facts showing a genuine dispute for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  Courts must view the evidence in the light most favorable to the non-moving party but do not need to accept speculative or conclusory allegations. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

III.  THE PLAINTIFF'S MOTION FULLY COMPLIES WITH FRCP 56 AND LOCAL RULE 56.1, AND IS PROPERLY FORMATTED

Plaintiff's Motion fully complies with Federal Rule of Civil Procedure 56 and Local Rule 56.1, adhering to all procedural and formatting requirements. Plaintiff has submitted a properly formatted memorandum of law, a Rule 56.1 statement, and authenticated supporting exhibits, ensuring that every material fact is supported by admissible evidence.

Rule 56.1 Compliance: Plaintiff's Rule 56.1 statement meticulously aligns each material fact with record citations, providing full transparency and facilitating efficient court review. Courts have repeatedly upheld the necessity of such statements in maintaining procedural integrity. See *Tourtellotte v. Eli Lilly & Co.*, 636 F. App'x 831, 847 (3d Cir. 2016).  Evidentiary Support: Plaintiff's Motion is bolstered by authenticated evidence, including: Email exhibits confirm Defendants' unauthorized disclosures; Deposition testimony substantiating Defendants' failure to accommodate; and Expert

4

reports quantifying Plaintiff's damages. All submissions comply with the Federal Rules of Evidence and are properly cited and authenticated.

Defendants' Meritless Objections: Defendants offer no specific challenges to the format or structure of Plaintiff's submissions, instead relying on generalized and unsupported objections. Courts have consistently rejected such vague procedural arguments. See *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001).

Because the record confirms full compliance and the presented evidence is directly relevant and probative, Defendants' procedural objections should be disregarded. Plaintiff's Motion for Summary Judgment should be granted.

## IV. THE PLAINTIFF'S MOTION ADDRESSES PROPERLY FILED CLAIMS UNDER NJLAD. DEFENDANTS HAD AMPLE NOTICE OF THE PLAINTIFF'S CLAIMS

Defendants assert that the Plaintiff's claims for disability discrimination, retaliation, and wrongful discharge under the New Jersey Law Against Discrimination ("NJLAD") should be disregarded because they have allegedly never been filed. This argument is without merit and misrepresents the procedural history of this case. Furthermore, under Fed. R. Civ. P. 8(a), a complaint must provide a "short and plain statement" showing entitlement to relief. Plaintiff's Complaint meets this standard. Courts do not require specific legal labels if the facts establish a viable legal theory. See *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

### A. THE PLAINTIFF'S CLAIMS WERE PLEADED IN THE COMPLAINT AND SUPPORTED BY SPECIFIC ALLEGATIONS AND LEGAL PRECEDENT

Contrary to the Defendant's assertions, Plaintiff's Complaint clearly alleges disability discrimination, retaliation, and wrongful discharge under NJLAD. The Complaint details.

Under N.J.S.A. 10:5-12(a), it is unlawful for employers to discriminate against individuals based on a disability. Employers must engage in a good-faith interactive process and provide reasonable accommodations unless they demonstrate undue hardship. See *Victor v. State*, 203 N.J. 383, 409-10

(2010); *Tynan v. Vicinage 13 of Superior Ct.*, 351 N.J. Super. 385, 400-01 (App. Div. 2002). Plaintiff has established: <u>Qualifying Disability</u>: Plaintiff's cancer diagnosis constitutes a protected disability under NJLAD; <u>Qualified Employee</u>: Plaintiff was fully capable of performing his job; and <u>Failure to Accommodate</u>: Defendants failed to explore accommodations, violating their duty under NJLAD.

Plaintiff requested reasonable accommodations for flexible work schedules and time off for medical treatment, but Defendants ignored these requests and proceeded with termination instead of accommodation. As detailed below, Plaintiff was retaliated against and wrongfully discharged in violation of *Romano v. Brown & Williamson Tobacco Corp.*, 284 N.J. Super. 543, 550 (App. Div. 1995); and *Zive v. Stanley Roberts, Inc.*, 182 N.J. 436, 447 (2005).

### B.  DEFENDANTS WERE AWARE OF THE NJLAD CLAIMS THROUGHOUT THE LITIGATION

Defendants cannot credibly claim surprise or lack of notice regarding Plaintiff's NJLAD claims. Discovery in this case has focused extensively on issues of disability discrimination, retaliation, and the circumstances surrounding Plaintiff's termination. Depositions and documentary evidence directly address these claims. Defendants' contention that the claims were not properly filed is baseless. See *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014).

### C.  PLAINTIFF'S MOTION IS PROPERLY GROUNDED IN THE RECORD AND THE PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON HIS CLAIMS

Plaintiff's Motion for Summary Judgment is backed by a strong evidentiary record proving his NJLAD claims: <u>Disability Discrimination</u>: Evidence includes Defendants' refusal to engage in the interactive process or provide reasonable accommodations for Plaintiff's lymphedema treatments, which violates NJLAD. See *Victor v. State*, 203 N.J. 383, 415 (2010); <u>Retaliation</u>: Temporal proximity between Plaintiff's objections to privacy violations, his request for an accommodation, and his termination provides an inference of retaliation. See *Romano v. Brown & Williamson Tobacco Corp.*, 284 N.J. Super. 543, 550 (App. Div. 1995); and <u>Wrongful Discharge</u>: The Plaintiff's termination under pretextual

6

grounds further demonstrates the Defendant's discriminatory and retaliatory motives. See *Zive v. Stanley Roberts, Inc.*, 182 N.J. 436, 447 (2005).

The Defendant's claim that the Plaintiff's NJLAD claims were improperly filed is baseless. These claims have been central to discovery and are supported by overwhelming evidence. As detailed above, Plaintiff has established a prima facia case for each claim and has supported it with substantive evidence. Defendants' argument against summary judgment for Plaintiff's NJLAD claims of disability discrimination, retaliation, and wrongful discharge is unpersuasive and contradicted by evidence and legal precedent. Summary judgment is proper when the non-moving party fails to present sufficient evidence to support their claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Defendant's lack of substantive rebuttal highlights the strength of the Plaintiff's claims, leaving no genuine issue for trial.

### D.   DEFENDANTS HAVE FAILED TO REBUT PLAINTIFF'S EVIDENCE

To defeat summary judgment, Defendants must present evidence creating a genuine dispute of material fact. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Defendants fail to meet this burden, instead relying on unsupported denials and speculation.

- No Evidence of Legitimate Justification: Defendants offer no credible basis for Plaintiff's termination. Their claimed reasons contradict Plaintiff's strong performance record. (Complaint ¶37).
- Failure to Address Retaliatory Motive: Defendants disregard the clear temporal link between Plaintiff's protected activity and termination. Courts recognize such timing as compelling evidence of retaliation. See *El-Sioufi v. St. Peter's Univ. Hosp.*, 382 N.J. Super. 145, 174 (App. Div. 2005).

Defendants' failure to provide substantive rebuttal supports granting Plaintiff summary judgment.

### V.   THE PLAINTIFF HAS DEMONSTRATED FACTS TO SUPPORT A CLAIM UNDER COMMON LAW INVASION OF PRIVACY

Defendants repeated unauthorized disclosures of Plaintiff's medical condition constitute a clear invasion of privacy under New Jersey law. Plaintiff's private medical details were shared without

7

consent in multiple emails to employees and external vendors. The record provides indisputable evidence of Defendants repeated unauthorized disclosures of Plaintiff's medical condition:

- <u>July 23, 2019</u>: Scott Creighton disclosed the Plaintiff's cancer diagnosis to employees.
- <u>August 16, 2019</u>: Charlie Creighton emailed hundreds of employees, revealing Plaintiff's diagnosis and treatment details.
- <u>September 11, 2019</u>: Scott Creighton informed a key external business partner of the Plaintiff's cancerous tumor.
- <u>October 7, 2019</u>: Scott Creighton again disclosed to another key external business partner of the Plaintiff's cancerous tumor.
- <u>October 18, 2019</u>: Scott Creighton emailed 250+ employees, stating an Incentive Trip was canceled due to "Erik's illnesses," and directed them to explain these circumstances to customers—impacting 5,000 customers and 16 manufacturers.

Defendants' claim that these disclosures were insignificant is contradicted by the record. Courts recognize that unauthorized disclosures of medical conditions are highly offensive to a reasonable person and constitute actionable invasion of privacy (*Rumbauskas v. Cantor*, 138 N.J. 173, 179 (1994)). Defendants' disclosures meet this standard.

VI. Violations of NJLAD: Disability Discrimination, Retaliation, and Wrongful Discharge

Plaintiff's claims under the New Jersey Law Against Discrimination (NJLAD) for disability discrimination, retaliation, and wrongful discharge are supported by overwhelming evidence and legal precedent. Defendants violated N.J.S.A. 10:5-12(a) and (d) by failing to accommodate Plaintiff's disability, retaliating against him for asserting his rights, and unlawfully terminating him.

A. Disability Discrimination

Under NJLAD, employers are required to provide reasonable accommodations and engage in an interactive process to support employees with disabilities. See N.J.S.A. 10:5-12(a). Plaintiff has satisfied the prima facie elements:

- Qualifying Disability: Plaintiff's cancer diagnosis constitutes a protected disability;
- Qualified Employee: Plaintiff was fully capable of performing his job despite his medical condition; and
- Adverse Action (Failure to Accommodate): Defendants failed to provide reasonable accommodations and disregarded their legal duty to engage in an interactive process, violating

8

NJLAD. See *Victor v. State*, 203 N.J. 383, 409-10 (2010); *Tynan v. Vicinage 13 of Superior Ct.*, 351 N.J. Super. 385, 400-01 (App. Div. 2002).

### B.     Failure to Accommodate

Defendants failed to comply with NJLAD's requirement to engage in an interactive process and provide reasonable accommodations for Plaintiff's disability. See *Tynan v. Vicinage 13 of Superior Ct.*, 351 N.J. Super. 385, 400-01 (App. Div. 2002). Plaintiff's Accommodation Requests Were Ignored:

<u>November 20, 2019</u>: Plaintiff requested accommodation for ongoing lymphedema treatment; and

<u>November 25, 2019</u>: Plaintiff was terminated before Defendants engaged in the interactive process.

Defendants' failure to explore any reasonable accommodations violates NJLAD. See *Victor v. State*, 203 N.J. 383, 410 (2010). Their claim that no accommodations were possible is unsupported by evidence and further proves noncompliance.

### C.     Retaliation

NJLAD prohibits retaliation against employees who engage in protected activity, including requesting accommodations or objecting to unlawful conduct. See N.J.S.A. 10:5-12(d). The record evidence confirms:

- Demotion & Pay Reduction: Plaintiff was demoted shortly after disclosing his medical condition;
- Forced Leave & Pay Reduction: Defendants pressured Plaintiff into prematurely taking FMLA leave and later reduced his pay;
- Termination Within 12 Days: Plaintiff was terminated just 12 days after objecting to Defendants' unauthorized disclosures of his medical condition (Complaint ¶60); and
- Temporal Proximity Supports Retaliation: The short timeframe between Plaintiff's protected activity and termination is legally sufficient to infer retaliation. See *Romano v. Brown & Williamson Tobacco Corp.*, 284 N.J. Super. 543, 550 (App. Div. 1995).

### D.     Wrongful Discharge

Plaintiff's termination was pretextual, evidenced by his consistent high performance and lack of legitimate justification for termination.

- Complaint ¶37, 66: Plaintiff was terminated under false pretenses, which is a recognized hallmark of discriminatory intent. See *Zive v. Stanley Roberts, Inc.*, 182 N.J. 436, 447 (2005).
- Defendants Had a Financial Incentive to Terminate Plaintiff: As a self-insured entity, Defendants stood to financially benefit from eliminating Plaintiff's ongoing medical expenses, creating an ulterior motive behind the termination decision.

9

- Additionally, as a self-insured entity, Defendants had a financial motive to terminate Plaintiff and avoid covering his ongoing medical expenses.

Plaintiff has presented undisputed evidence establishing Defendants' violations of NJLAD for disability discrimination, retaliation, and wrongful discharge. Defendants fail to articulate a legitimate non-discriminatory reason for their actions, and the record supports a finding of liability. Therefore, summary judgment should be granted in Plaintiff's favor.

## VII. THE DEFENDANTS' ARGUMENTS ARE CONTRADICTED BY THE RECORD AND DEMONSTRATE A PATTERN OF NONCOMPLIANCE

The defendants' claim that the Plaintiff failed to support his claims is contradicted by the record, which clearly establishes their failure to accommodate and retaliatory conduct under NJLAD. <u>Demotion and Termination</u>:

- After Plaintiff disclosed cancer diagnosis, Defendants demoted him on August 13, 2019.
- On August 15, 2019, Defendants forced Plaintiff to prematurely take FMLA leave and denied his requested accommodations.
- On November 11, 2019, Defendants further reduced his pay.
- On November 25, 2019, about a week after he confronted Defendants about their privacy violations, and requested lymphedema accommodations, the Plaintiff was terminated.
  This reinforces a retaliatory motive (*El-Sioufi v. St. Peter's Univ. Hosp.*, 382 N.J. Super. 145, 173-74 (App. Div. 2005).

<u>Failure to Engage in the Interactive Process</u>: The Plaintiff made multiple requests for accommodations. (Complaint ¶64-65). Defendants failed to engage in a good-faith interactive process. *Tynan v. Vicinage 13 of Superior Ct.*, 351 N.J. Super. 385, 400-01 (App. Div. 2002).

<u>Improper Use of Vacation Pay</u>: Defendants forced Plaintiff to take FMLA leave prematurely, exhausting his vacation and sick time before it was medically necessary leaving Plaintiff without paid leave or health coverage during critical weeks of cancer treatment.

10

## VIII. THE PLAINTIFF HAS ESTABLISHED A PRIMA FACIE CASE OF AIDING AND ABETTING

Defendants Scott and Charles Creighton knowingly and substantially assisted each other in engaging in discriminatory and retaliatory acts against Plaintiff, satisfying NJLAD's aiding and abetting liability standard. See *Tarr v. Ciasulli*, 181 N.J. 70, 84 (2004).

### A. LEGAL STANDARD FOR AIDING AND ABETTING UNDER NJLAD

Under NJLAD, aiding and abetting liability applies when an individual (1) performs a wrongful act that causes harm, (2) is aware of their role in the misconduct, and (3) provides substantial assistance in its execution. See *Failla v. City of Passaic*, 146 F.3d 149, 158 (3d Cir. 1998).

Defendants' Actions amount to: <u>Unauthorized Disclosures</u>: Scott Creighton admitted receiving and reading Charles Creighton's unauthorized disclosure emails but took no corrective action (S.C. Dep. T., Page 22, ¶5); and <u>Retaliation and Termination</u>: Both Defendants participated in Plaintiff's demotion and termination, directly retaliating against him for asserting his NJLAD rights (Complaint ¶37, 66). The record contains overwhelming proof of Scott and Charles Creighton's direct involvement in discrimination, retaliation, and wrongful termination.

Defendants' attempts to dispute this claim lack merit, as the evidence clearly establishes their coordinated effort to violate NJLAD. Therefore, summary judgment should be granted in Plaintiff's favor on this claim.

### B. DEFENDANT'S ARGUMENT IGNORES CRUCIAL EVIDENCE

Defendants ignore clear evidence linking Scott and Charles Creighton to discriminatory and retaliatory conduct against Plaintiff: <u>Direct Admissions</u>: Charles Creighton admitted to disclosing Plaintiff's medical condition without consent, stating, *"We did not think it was necessary to get permission"* (Charles Creighton Dep., Page 20, ¶3). He further justified his actions by claiming, *"We're like a big family,"* despite acknowledging that many recipients of the email were external vendors (Page 21, ¶6). Scott Creighton admitted to sending the July 23, 2019, email disclosing Plaintiff's diagnosis and

11

conceded, *"I would not be here today"* had he handled the situation differently (Page 130, ¶12; Page 131, ¶10). <u>Harm to Plaintiff</u>: The Creightons' actions caused Plaintiff emotional distress, reputational harm, and financial losses. Their retaliatory conduct resulted in wrongful termination. These harms are compensable under *Tynan v. Vicinage 13 of Superior Ct.*, 351 N.J. Super. 385, 402 (App. Div. 2002).

The Plaintiff has established a prima facie case of aiding and abetting under NJLAD, as the record demonstrates that Scott and Charles Creighton knowingly and substantially assisted in discriminatory and retaliatory acts. The Plaintiff requests that the Court grant summary judgment.

## IX.   CONCLUSION

The Plaintiff has established prima facie claims for failure to accommodate, invasion of privacy, and retaliation under NJLAD. Defendants' opposition fails to raise any genuine dispute of material fact, and their legal arguments misstate the applicable law. Summary judgment is appropriate under *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), as the undisputed facts demonstrate Defendants' liability.

Respectfully submitted,

Date: February 7, 2025

*/s/Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
T.A. Blackburn Law, PLLC
1242 E. 80th Street, 3rd Floor
Brooklyn, NY 11236